HARRY WEATHERBY AND ELI F. STEWART, PARTNERS TRADING AS WEATHERBY & STEWART, PLAINTIFFS, v. SCOTTISH UNION AND NATIONAL INSURANCE COMPANY, DEFENDANT.

Decided November 18, 1931.

For the plaintiffs, *Lynwood Lord.*

For the defendants, *Carr & Carroll.*

ELDREDGE, J. The above cases are so nearly identical that they will be disposed of together.

On November 26th, 1929, the Scottish Union and National Insurance Company issued a policy of fire insurance to the plaintiffs, trading as Weatherby and Stewart, in the sum of $2,000, covering certain personal property consisting of such

articles as are usually kept in a country store, for a term of one year from November 26th, 1929, to November 26th, 1930.

On July 1st, 1930, the Aetna Insurance Company issued a policy to the plaintiffs, trading as aforesaid, in the sum of $3,000, covering the same or similar articles of merchandise, for the term of one year from July 1st, 1930, to July 1st, 1931.

Both policies were the standard New Jersey form and contained the following provisions:

"This entire policy, unless provided by agreement endorsed hereon or added hereto, shall be void * * * if the subject of insurance be personal property and be or become encumbered by a chattel mortgage."

And—

"This policy is made and accepted subject to the foregoing stipulations and conditions, and to the following stipulations and conditions printed on back hereof, which are hereby specially referred to and made a part of this policy, together with such other provisions, agreements, or conditions as may be endorsed hereon or added hereto; and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto; and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

On May 26th, 1930, while the Scottish Union policy was in force, the plaintiffs gave a chattel mortgage to the Swedesboro National Bank for $6,925, which mortgage was in force when the Aetna policy was issued, hence the mortgage was placed on the personal property while the first policy was in force and existed and was in force at the time of the issu-

ance of the second policy. No agreement respecting a chattel mortgage was endorsed on either policy. On August 18th, 1930, a fire occurred, which destroyed the property insured and upon proof of claim of loss the defendant companies refused to make payment and these suits were brought.

The defendants, by way of answer, set up the provisions of the policies above stated, together with certain other provisions contained therein, which they allege voided the said policies.

By way of reply the plaintiffs allege (1) that the defendants' agents who wrote the policies had full knowledge of the placing of the mortgage, in one instance, and of its existence in the other, and that therefore the agreements respecting the mortgage were or should have been a part of the policies; (2) that by reason of this fact and the further fact that the companies kept the premiums they waived the conditions of the policies above referred to; and (3) that by their conduct and the conduct of their agents, they are estopped from setting up their defense.

Defendants now move to strike out both the complaints and the replies made by the plaintiffs.

The right of the defendants to have their motion granted seems to be supported by an abundance of authority in both the federal courts and the courts of this state and a very small percentage of these authorities need be mentioned.

In the first place, the replies of the plaintiffs appear to the court to be such that to permit evidence to support them would be a clear violation of our rule which prohibits the alteration of a written contract by parol testimony.

Chief Justice Beasley, in the case of *Dewees* v. *Manhattan Insurance Co.*, 35 *N. J. L.* 366, says: "I have not found that it is anywhere supposed that this general rule which illegalized parol evidence, under the conditions in question, has been relaxed with respect to contracts for insurance. Decisions of utmost authority, both in England and this country, propound this doctrine as applicable to policies in the clearest terms."

The doctrine herein enunciated has been followed in a long line of decisions in this and in other jurisdictions.

Nor can the application of this rule be avoided by setting up the doctrine of estoppel. Dewees *v*. Manhattan Insurance Company, above cited. "It is manifest that the theory that such parol evidence, though it may not be competent to change the written contract, may be received for the purpose of raising an estoppel *in pais,* is a mere evasion of the rule excluding parol testimony when offered to alter a written contract * * *. An estoppel cannot arise except upon proof of a contract different from that contained in the written policy, and an inflexible rule of evidence forbids the introduction of such proof by parol testimony, when offered to vary or affect the terms of the written instrument." *Franklin Fire Insurance Co.* v. *Martin,* 40 *N. J. L.* 568.

The above cited authorities appear to the court to completely dispose of the motion, unless the plaintiffs be saved by some waiver on the part of the defendant companies. In this connection it is to be noted that the policies themselves provide the manner in which any of their provisions may be waived. The manner of waiver is provided for in the second extract taken from the policies, herein above quoted. To attempt to allege a waiver other than by the method provided for in the policies would again be predicated upon the contention that the provision referred to was not operative. Hence again we are back to the same position of attempting to alter a written contract by parol testimony. Counsel for the plaintiffs lay considerable stress upon the fact that the companies kept the premiums after the policies were voided by breach of the conditions respecting the chattel mortgages and argues that the retention of such premimus constituted a waiver. That this position cannot be maintained appears to the court to be not only a logical view of the matter but one supported by authority also. The companies did not cancel the policies, in which event a return of the unearned premiums might be expected, but in the instant cases the policies were void through the act of the insured. The court does not at-

tempt to pass upon the right of the plaintiffs to recover their premiums even under these circumstances, but it is of the opinion that mere retention of the premiums after the policies are voided by a breach of the terms would not of itself constitute a waiver.

In the case of *Home Insurance Company of New York* v. *Scott*, 46 *Fed. Rep.* (2d ed.) 10, the court said, in answering a similar claim by the insured, "nor did the defendant's failure to tender a return of the premiums that were paid on the policies, operate to estop them from urging the effectiveness of the policy provision."

With respect to these policies, the statement of Mr. Justice Trenchard in *Heliotos* v. *Great American Insurance Company of New York*, 103 *N. J. L.* 529, is pertinent. In disposing of that case he said: "These policies in suit were policies written in standard form, approved by governmental authority in New Jersey (2 *Comp. Stat.*, *p.* 2862, § 77) and, therefore, where the language is clear and unambiguous, will be enforced according to their plain provisions." Nor will they be construed more strongly against the party preparing them. *Del Guidice* v. *Importers and Exporters Insurance Company of New York*, 98 *N. J. L.* 435.

The authorities cited in the plaintiffs' brief, except in so far as they are general statements taken from *Corpus Juris*, appear to support the court's view rather than refute it. Generally speaking, they relate to actions on the part of the company's agent after a fire has occurred. Our courts have held that an agent of the insurance company may waive a term or condition of the policy which is to be done or performed after a loss has occurred, but that no such power exists with relation to the conditions and provisions of the policy relating to the formation and continuance of the insurance. *Snyder* v. *Dwelling House Insurance Co.*, 59 *N. J. L.* 544.

*Giammares et al.* v. *Allemania Fire Insurance Co.*, 91 *N. J. Eq.* 114, cited by plaintiffs, seems also to be in point. In that case a bill was filed by the complainants in equity to

reform a policy of insurance after the defendants had set up as a defense in law that the policy was void because the land was not owned by the insured and also that the property was encumbered by a chattel mortgage. The Court of Errors and Appeals, reversing the vice-chancellor, who had ordered a reformation, on the ground that there had been no mutual mistake, said *inter alia,* "it is quite manifest that without a reformation of the policy such a defense would be good at law but the decree [appealed from] absolutely destroys that defense."

Defendants' motion will be granted and an order, when presented, made accordingly.